# SETTLEMENT AGREEMENT AND RELEASE

Belcorso Jewelry Manufacturing Co., Inc. ("Defendant"), and Mohan Narain ("Narain"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Mohan Narain.

    b. "Employee" shall be defined a Mohan Narain.

    c. Plaintiff Mohan Narain was employed by Defendant Belcorso Jewelry Manufacturing Co., Inc.

    d. "Defendant" shall be defined as Belcorso Jewelry Manufacturing Co., Inc.

    e. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on October 31, 2019, in the United States District Court, Southern District of New York, with Civil Action #: 19-CV-10110 (LTS)(SN).

2. **Consideration**. In consideration for Mr. Narain's signing this Agreement and the release of all claims herein, Defendant Belcorso Jewelry Manufacturing Co., Inc. agrees to make the following payments totaling Fifteen Thousand, Five Hundred Dollars ($15,500) and may be drawn on Defendant's counsel's lawyer's escrow account. :

    a. Three checks made payable to "Mohan Narain," each in the amount of Three Thousand, Three Hundred Forty Dollars and Sixty-Six Cents ($3,340.66), totaling $10,022, to be reported on an IRS Form 1099-MISC (Box 3). The first of these three payments will be due within five (5), days of court approval of this settlement agreement and the remaining two (2) payments will be due at 30-day intervals following the date the first payment is due;

    b. Three checks made payable to "Abdul Hassan Law Group, PLLC," each in the amount of One Thousand Eight Hundred Twenty-Six Dollars and Zero Cents ($1,826), totaling $5,478 representing partial payment of a 1/3 contingency fee ($5,010)), to be reported on an IRS Form 1099-MISC (Box 14). The first of these three payments will be due within five (5), days of court approval of this settlement agreement and the remaining two (2) payments will be due at 30-day intervals following the date the first payment is due;

    c. The monthly payments set forth in paragraphs 2 a and 2b total five thousand one hundred sixty-six dollars ($5,166.66) and 66 cents per month. The payments above shall be sent by regular mail delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

     d. If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendant Belcorso Jewelry Manufacturing Co., Inc.**, written notice of the default, by sending a notice of default by email to Defendant's attorneys **Mr. Dwight Yellen, Esq. at dwight@clglex.com.** Defendant will have ten (10) days from receipt of such notice to cure the default. If Defendant does not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to enter judgment against Defendant **Belcorso Jewelry Manufacturing Co., Inc.** in an amount of $23,250 less any monies paid by Defendant at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment for Plaintiff

    3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance with prejudice.

    4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant from any and all claims in connection with Plaintiff's employment with Defendant, whether raised in the Action or not, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).

    5. **Acknowledgments and Affirmations**.

     a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms there is a bona fide dispute as to such FLSA claims being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice. The Plaintiff affirms that he last worked with Defendant in November, 2018. Employee understands and agrees that Employee's employment relationship with Defendant has ended.

    6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed under the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant may institute an action to specifically enforce any term or terms of this Agreement. If the release language is illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

    7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

    8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement. The Parties acknowledge that Magistrate Sarah Netburn participated in the mediation

DocuSign Envelope ID: 232D1A36-A443-435C-9276-D49A35DA46B6
Case 1:19-cv-10110-SN   Document 21-1   Filed 05/21/20   Page 3 of 4

of this dispute. Upon the filing of the appropriate consents to allow her to hear and determine, this settlement agreement shall be submitted to her for her approval. If the court requires either parties' counsel may prepare an appropriate stipulation of dismissal with prejudice.

9. **Non-admission of Wrongdoing**. The parties agree that neither the offer of this Settlement Agreement, nor the acceptance of this Settlement Agreement, nor this Settlement Agreement itself, is an admission, or shall be construed to be an admission, of any wrongdoing or liability by any of the Parties. Neither the offer of this Settlement Agreement, nor this Settlement Agreement, nor any of its terms, shall be admissible as evidence of any liability or wrongdoing by any Party in any judicial, administrative, or other proceeding now pending or hereafter instituted by any person or entity.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties, and supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as expressly set forth in paragraph 2 of this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement, and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party could have obtained the advice of legal counsel and to review, comment upon, and redraft this Agreement. It is agreed that no rule of construction shall apply against any party or for any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and for the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Narain was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Narain is competent to execute this Agreement.

15. **Counterparts**. This Agreement may be executed in more than one counterpart, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same instrument. Counterparts may be delivered via fax, email (including *pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000 [e.g., www.docusign.com]) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

**IN WITNESS WHEREOF,** the parties knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**MOHAN NARAIN**

By:_____
   DocuSigned by: [signature]
   0619C643A48742F...

Date: _5/20/2020_____

**DEFENDANT:**

**BELCORSO JEWELRY MANUFACTURING CO., INC.**

By:_____

Print Name _____

Title_____

Date: _____